IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| XEROX CORP., | * | |
| Plaintiff, | * | |
| v. | * | Case No. WDQ-13-1228 |
| BUILDING ENCLOSURE ANALYSIS, LLC, | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATION

The above-referenced case was referred to the undersigned for review of plaintiff's motion for default judgment and to make recommendations concerning damages, pursuant to 28 U.S.C. § 363 and Local Rules 301 and 302. (ECF No. 11.) Currently pending is plaintiff's Motion for Entry of Default Judgment ("Motion"). (ECF No. 13.) By Letter Order on September 13, 2013, I requested a supplemental affidavit from plaintiff to further explain plaintiff's interest calculations. (ECF No. 14.) I have reviewed plaintiff's Motion and Supplemental Affidavit. (ECF No. 15.) No hearing is deemed necessary. See Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons discussed herein, I respectfully recommend that plaintiff's Motion (ECF No. 13) be GRANTED and that relief be awarded as set forth herein.

**I.      STANDARD FOR ENTRY OF DEFAULT JUDGMENT**

In reviewing a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability. Ryan v. Homecomings Fin. Network, 253

F.3d 778, 780-81 (4th Cir. 2001).  It remains for the court, however, to determine whether these unchallenged factual allegations constitute a legitimate cause of action.  Id.  If the court determines that liability is established, the court must then determine the appropriate amount of damages.  Id.  The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.  See, e.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999).  The court may make a determination of damages without a hearing, so long as there is adequate evidence in the record, such as detailed affidavits or documentary evidence, for the award.  See, e.g., Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).

## II. DISCUSSION

### A. Defendant's Liability

I have reviewed plaintiff's Complaint (ECF No. 1), and find that plaintiff has stated a cause of action based on breach of contract.  Plaintiff Xerox Corporation is a business that sells, leases, and services business machines, including copying equipment and supplies, and defendant Building Enclosure Analysis, LLC, is a business that provides consulting services to building owners about walls, roofing, and waterproofing.  (ECF No. 1 at ¶¶ 1-2.)  Between February 2010 and October 2011, plaintiff and defendant entered into a series of seven contracts for the lease and maintenance of equipment.  (ECF No. 1 at ¶¶ 3-9.)  Taking plaintiff's factual allegations as true, plaintiff performed its obligations under the contracts at issue by providing leased equipment and maintenance products, but defendant failed to pay the charges incurred.  (Id.)  Accordingly, defendant is liable for the unpaid amounts, pursuant to the Lease Agreements and Maintenance Agreement incorporating the rules, rates, and charges applicable to the

equipment and services that plaintiff provided.[1]  (Ex. 1-7 of Compl., ECF Nos. 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8.)

After defendant failed to answer the Complaint or otherwise defend within twenty-one days, plaintiff properly moved, pursuant to Federal Rule of Civil Procedure 55(a), for an entry of default.  (ECF No. 8.)  The Clerk of this court entered defendant's default on May 24, 2013.  (ECF No. 10.)  On August 12, 2013, plaintiff filed the pending Motion (ECF No. 13), to which defendant has not responded.  In sum, plaintiff has demonstrated that it is entitled to a default judgment against defendant.

**B. Damages**

Having determined that plaintiff has proven liability, the undersigned now undertakes an independent determination of the damages to which plaintiff is entitled.  I have reviewed the documents attached to plaintiff's Complaint, including the contracts at issue, as well as plaintiff's Motion.  Based on these documents, I find that plaintiff is entitled to recover the outstanding balance due from defendant pursuant to the contracts in the amount of $350,479.01.[2]  (Ex. 1 of Compl. at 6, ECF No. 1-2; Ex. 2 of Compl. at 7, ECF No. 1-3; Ex. 3 of Compl. at 8, ECF No. 1-4; Ex. 4 of Compl. at 5, ECF No. 1-5; Ex. 5 of Compl. at 6, ECF No. 1-6; Ex. 6 of Compl. at 6, ECF No. 1-7; Ex. 7 of Compl. at 5, ECF No. 1-8.)  In addition, the contracts between the parties imposed penalties for default on the contract, including interest at a rate of

---

[1] In the alternative, plaintiff sought recovery under *quantum meruit*/unjust enrichment.  (ECF No. 1 at ¶ 12-20.)  As I noted in my September 13, 2013 Letter Order (ECF No. 14), because I find that contracts exist with clear, unambiguous terms, plaintiff may only recover under the terms of the contracts.  See Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc., 190 F. Supp. 2d 785, 792 (D.Md. 2002) (finding plaintiff could not recover for the same claims under both contract and quasi-contract theories when a contract exists).  Accordingly, I do not reach plaintiff's secondary claim for *quantum meruit*/unjust enrichment.

[2] In its Motion, plaintiff seeks a judgment in the amount of $350,478.20 for the principal amount due from defendant.  (Ex. B of Pl.'s Mot., ECF No. 13-3.)  According to the undersigned's calculation of the charges incurred under all of the contracts, however, the correct principal balance is $350,479.01.

1.5% per month, all reasonable costs, and attorney's fees.[3] (ECF No. 1-2 at 4; ECF No. 1-3 at 5; ECF No. 1-4 at 5; ECF No. 1-5 at 4; ECF No. 1-6 at 4; ECF No. 1-7 at 4; ECF No. 1-8 at 4.) I find that plaintiff is entitled to pre-judgment interest in the amount of $69,481.68. (Ex. B of Pl.'s Supplemental Aff., ECF No. 15-3.) Finally, plaintiff's claim for the costs of the suit in the amount of $470.00, itemized as $350.00 for the court costs and $120.00 for the service of process fee, is justified. (Id.) Accordingly, I conclude that plaintiff's request for damages, pre-judgment interest, and costs is reasonable and documented in the record and recommend granting these requests.

### III. CONCLUSION

In sum, I recommend that:

1. The court grant plaintiff's Motion for Judgment by Default (ECF No. 13); and

2. The court enter judgment in favor of plaintiff in the amount of $420,430.69 consisting of an award for unpaid charges under the parties' contracts in the amount of $350,479.01, pre-judgment interest in the amount of $69,481.68, and $470.00 in costs of suit; and

I also direct the Clerk to mail a copy of this Report and Recommendation to defendant at the address listed on plaintiff's Complaint. (ECF No. 1.)

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Date:   10/10/13                              /s/
                                              Beth P. Gesner
                                              United States Magistrate Judge

---

[3] Although plaintiff included a request for attorney's fees in its Complaint (ECF No. 1 at 4), plaintiff did not seek attorney's fees in its Motion.

4